**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHESTER TSANG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, JACK LAI, and QUQUANG YAO,<br><br>    Defendants. | No. 1:07-cv-08706-JGK |
| WEICHEN G. LUI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ,YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, RONQIANG CUI, PIETRO ROSSETTO, and QIQANG YAO,<br><br>    Defendants. | No. 1:07-cv-08766 (JGK) |
| ISMAEL HALIDOU, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LDK SOLAR CO., LTD., XIAOFENG PENG, XINGXUE TONG, LIANGBAO ZHU, YONGGANG SHAO, GANG WANG, LOUIS T. HSIEH, JACK LAI, NICOLA SARNO, YUEPENG WAN, and QIQANG YAO,<br><br>    Defendants. | No. 1:07-cv-09745 (JGK) |

**NOTICE OF NON-OPPOSITION TO SHAHPOUR JAVIDZAD'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

Shahpour Javidzad respectfully submits this notice of non-opposition in further support of his December 10 motion for consolidation, appointment as lead plaintiff and approval of his selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as lead counsel under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).

## ARGUMENT

The PSLRA mandates the consolidation of related securities class actions and the appointment of a lead plaintiff and lead counsel in such cases. The above-captioned securities class actions are related, Mr. Javidzad meets the requirements to serve as Lead Plaintiff for the proposed class and he has chosen highly capable counsel to represent the class. Moreover, Mr. Javidzad's December 10 Motion is now unopposed. Consequently, the Court should grant Mr. Javidzad's motion.

A. The Unopposed Motion to Consolidate These Cases Should Be Granted

In securities class actions any motions to consolidate must be decided before the appointment of a lead plaintiff and lead counsel. The PSLRA provides that:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this [Act] is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not [appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii) (2004). The three above-captioned cases, which have been filed against LDK Solar Co. Ltd. ("LDK") and several of its officers and directors, assert "substantially the same claim or claims" under the securities laws. Mr. Javidzad moved for an order consolidating these on December 10, 2007. Because consolidation is required by the PSLRA, and because Mr. Javidzad's motion for consolidation is unopposed, the Court should consolidate these three cases.

B. <u>The Unopposed Motion to Appoint Mr. Javidzad As Lead Plaintiff and Approve His Choice Of Lead Counsel Should be Granted</u>

Under the PSLRA movants have up to sixty days after a notice of the first-filed related class action is published to move to be appointed lead plaintiff. 15 U.S.C. 78u–4(a)3(A). That time period expired in these cases on December 10, 2007. Mr. Javidzad timely moved to be appointed lead plaintiff.

Weichen G. Lui, was the only other member of the proposed class to file a motion seeking to be appointed Lead Plaintiff. In a December 20 filing, however, Lui withdrew his request to be appointed lead plaintiff, explaining that:

> Upon review of the Motion of Shahpour Javidzad for Appointment as Lead Plaintiff, Appointment of Lead Counsel, and Consolidation of Related Actions, it appears that Shahpour Javidzad has the largest loss of any Movant seeking such appointment. Accordingly, Mr. Javidzad appears to be the presumptive Lead Plaintiff, and Mr. Lui does not oppose his motion.

Plaintiff Weichen G. Lui's Response To The Motion Of Shahpour Javidzad at 2.

As explained in his Memorandum of Law in support of his motion, Mr. Javidzad is fully qualified to be lead Plaintiff. Moreover, the PSLRA requires that a lead plaintiff motion be decided "[a]s soon as practicable after" the court orders the consolidation of related securities cases. 15 U.S.C. § 78u–4 (a)(3)(B)(ii). Consequently, the Court should grant Mr. Javidzad's now unopposed motion to be appointed lead plaintiff.

Mr. Javidzad also sought approval of his selection of Cohen, Milstein as lead counsel. The PSLRA provides that the lead plaintiff "shall" "select and retain counsel to represent the class," subject to the Court's approval. As set forth in Mr. Javidzad's Memorandum of Law in support of his motion, Cohen, Milstein is one of the country's premier class actions firms, with considerable experience in securities litigation. Mr. Javidzad's selection of this firm as lead counsel should be approved.

3

Courts routinely grant lead plaintiff and lead counsel motions when faced with the situation now faced by this Court—unopposed lead plaintiff and lead counsel motions and a showing that the proposed lead plaintiff and lead counsel are qualified to represent the proposed class. *See, e.g.*, *Linn v. Allied Irish Banks, PLC.*, No. 02 Civ. 1738 (DAB) 2004 WL 2813133 at *5-7 (S.D.N.Y. Dec. 8, 2004) (granting unopposed lead plaintiff and lead counsel motion); *Nager v. Websecure, Inc.*, No. Civ. A. 97-10662-GAO, 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) (same).

C. <u>The Related Cases In The Northern District Of California Are Not Grounds For Delay</u>

Several similar cases have been filed against LDK in the Northern District of California ("the California Cases"). *See In re LDK Solar Sec. Litig.*, No. C-07-05182-WHA (N.D. Cal.) The first of the California Cases was filed on the same day as the first case filed in this district. Mr. Javidzad has also filed a lead plaintiff motion in the California Cases. Although no lead plaintiff has yet been appointed for those cases, the pendency of the California Cases provides no grounds to ignore that PSLRA's mandate that a lead plaintiff be appointed "as soon as practicable" after consolidation. Although California and New York cases are likely to be transferred to and consolidated within a single district, it is not clear which district that will be.[1] LDK is a foreign entity which operates largely outside the United States. It trades on the New York Stock Exchange and the trustee for the ADR shares which are at issue in this litigation is located within the Southern District of New York.

Moreover, as a practical matter, Mr. Javidzad is very likely to be appointed lead plaintiff in the California Cases, assuming that the Northern District of California does not opt to defer to this Court on the appointment of a lead plaintiff. Mr. Javidzad claims losses of $1,499,599. The

---

[1] One case originally filed in this district *Tsang v. LDK Solar Co.*, Ltd., No. 07-cv-08706-JGK was transferred on November 29, 2007 pursuant to a stipulation between the named plaintiff in that case and the Defendants to the Northern District of California, but the other two class action securities cases filed against LDK in this court remain pending in this court.

only other lead plaintiff movant in the California Cases, Mr. Alan Candelore, does not dispute the accuracy of Mr. Javidzad's loss calculations, and claims loss of only $36,867. It is not clear that Mr. Candelore is seriously pursuing his motion—although he filed a two-page response in opposition to Mr. Javidzad's motion, he did not file a reply brief to rebut Mr. Javidzad's explanation of why he should be appointed lead plaintiff, even though such a filing had been specifically authorized by the court.[2]

## CONCLUSION

For the reasons set forth above, the Court should consolidate the above-captioned cases, appoint Mr. Javidzad as lead plaintiff and approve Mr. Javidzad's selection of Cohen, Milstein as Lead Counsel.

Dated: December 27, 2007

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

/s/    Catherine A. Torell
Catherine A. Torell (CT-0905)
150 East 52nd Street, Thirtieth Floor
New York, NY 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
        - and -
Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

***Attorneys for Movant and Proposed Lead Counsel
for the Class***

---

[2] Mr. Candelore did not move this Court to be appointed lead plaintiff in the cases pending in this district. He did, however, advise this Court of his motion in the Northern District of California in a document styled "Notice Of Filing Of Motion For Appointment As Lead Plaintiff In The Related Action Pending In The Northern District Of California." A hearing is set for January 3, 2008 in the Northern District of California on Mr. Candelore and Mr. Javidzad's respective lead plaintiff motions.